UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUDITH WRIGHT,<br><br>Defendant. | NO. CR21-126 RAJ<br><br>**INFORMATION**<br><br>18 U.S.C. § 1343<br>(Wire Fraud) |

The United States Attorney charges that:

## COUNT 1
### (Wire Fraud)

**A.   Introduction**

1.   Between 2000 and April 2018, Transportation Demand Management, LLC (formerly Transportation Demand Management, Inc.) ("TDM") was a company in Washington State. TDM operated as a passenger transportation company, doing business as Starline Luxury Coaches, Wheatland Express, Starline Transportation, and A&A Motorcoach. TDM maintained its financial and other records at its offices in Seattle, Washington.

2. From approximately 2000 through April 2018, JUDITH WRIGHT worked as an independent contractor through her company, Financial Management Solutions ("FMS"). As an independent contractor, JUDITH WRIGHT provided bookkeeping services to TDM and was primarily responsible for maintaining TDM's books and records. In this capacity, JUDITH WRIGHT had full access to TDM's financial records, bank accounts, and accounting software.

3. During the relevant period, TDM's accounting software allowed JUDITH WRIGHT to print checks through the software. When printing a check from the accounting software, a notice appeared and asked the user if the check had printed correctly. If the user selected the "no" option, the accounting software allowed the check to be printed again, and a new check number was entered into the accounting system. The accounting software tracked the changes to the check number.

**B.   The Scheme and Artifice to Defraud**

4. Beginning at a date uncertain, but no later than February 2010, and continuing through at least in or about January 2017, at Seattle, within the Western District of Washington and elsewhere, the defendant, JUDITH WRIGHT knowingly devised a scheme and artifice to defraud TDM and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

5. The essence of the scheme and artifice to defraud was that JUDITH WRIGHT used TDM's accounting software to fraudulently issue checks made out to FMS to be drawn on TDM's bank accounts. JUDITH WRIGHT then deposited these checks into bank accounts under her control. TDM did not authorize JUDITH WRIGHT to print additional checks.

6. It was part of the scheme and artifice to defraud that JUDITH WRIGHT, to conceal her fraudulent conduct, created false and fictitious entries in TDM's accounting software on certain occasions. On these occasions, JUDITH WRIGHT falsely indicated

that the fraudulent checks made out to FMS were being paid to vendors. In fact, JUDITH WRIGHT deposited these fraudulent checks into a bank account under her control.

7. It was further part of the scheme and artifice to defraud that JUDITH WRIGHT created other false and fictitious accounting entries in TDM's accounting system that falsely recorded the fraudulent checks as credit card fees.

8. For example, on or about August 26, 2016, JUDITH WRIGHT submitted an invoice (Invoice TDM82916) in the amount of $3,052.50 to TDM for accounting services from August 15, 2016 to August 26, 2016.

9. On September 6, 2016, TDM's Chief Financial Officer (CFO) approved the $3,052.50 invoice to FMS in TDM's accounting software. On September 7, 2016, JUDITH WRIGHT created check number 5761 made payable to FMS in the amount of $3,052.50, dated September 6, 2016. On September 7, 2016, check number 5761, drawn on TDM's 1st Security Bank of Washington account ending in 3360, was deposited into JP Morgan Chase Bank account 9385 in the name of Judith A. Wright, dba Financial Management Solutions.

10. On September 16, 2016, JUDITH WRIGHT, using TDM's accounting software, fraudulently reprinted check number 5761 as check number 5747. On September 16, 2016, JUDITH WRIGHT deposited this fraudulent check, check number 5747, in the amount of $3,052.50, and with a check date of September 6, 2016, into her JP Morgan Bank account 9385.

11. Between in or about February 2010 and in or about January 2017, JUDITH WRIGHT issued approximately 120 fraudulent checks to herself and fraudulently obtained $298,737.76 in funds belonging to TDM.

**C.  Execution of the Scheme and Artifice to Defraud**

12. On or about September 16, 2016, within the Western District of Washington and elsewhere, defendant JUDITH WRIGHT, for the purpose of executing this scheme and artifice to defraud and for obtaining money and property by false and

fraudulent pretenses, representations, and promises and attempting to do so, knowingly deposited check number 5747 into her JP Morgan Bank Account ending in 9385. In so doing, JUDITH WRIGHT caused check number 5747, which was drawn on TDM's 1st Security Bank of Washington account ending in 3360 to be scanned and electronically transmitted from Washington State to the Federal Reserve Bank in San Francisco, California for clearing and settlement.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of the offense alleged in Count 1, the defendant JUDITH WRIGHT shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense. This property includes, but is not limited to:

a. a sum of money in the amount of $298,737.76 reflecting the proceeds the defendant obtained from the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the relevant defendant,

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or,
e. has been commingled with other property which cannot be divided without difficulty;

///

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED: August 4, 2021.

_____
TESSA M. GORMAN
Acting United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
JUSTIN W. ARNOLD
Assistant United States Attorney